UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-0366** |
| **MARLIN GUSMAN, ET. AL** | **SECTION "A" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Summary**

Price is a pre-trial detainee currently housed in the Elayn Hunt Correctional Center, Beaver 3-C-11.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman and Deputies B. Hardy, Michael Lewis, and Murphy.

Price contends that on November 29, 2009, while housed in the Orleans Parish Prison, in the House of Detention, he was beaten by Sheriff Deputy Michael Lewis around 5:45 p.m. and 6:00 p.m. Subsequently, he was escorted to the Watch Commander's office. When he left the Watch Commander's office, he was moved to the other side of the building, C.L.U. North-10, to live.

---

[1] Rec. Doc. No. 1.

On the same day, around 6:30 or 6:45 p.m., Price contends that Deputies Hardy and Murphy entered his cell and requested that he get dressed. After Price got dressed, they opened his cell and escorted him down the tier to the shower area. Once Price was near the shower, he contends that he suffered a blow to the side of his face which knocked him unconscious. When he regained consciousness, Price contends that he was escorted back to his cell and was covered in blood.

Upon returning to his cell, Price requested medical attention. A nurse referred him to a doctor a few days later. The doctor then referred him to another doctor who took facial X-rays. Price contends that he sustained facial injuries and a concussion. Price contends that he complained to the Warden, about the incident who released the matters to Chief Weaver. Chief Weaver questioned him about the incident and turned the matter over to the Sergeant on Duty. The Sergeant on Duty took pictures of Price's injuries to his face and head.

Price contends that the deputies violated his Eighth Amendment Right against Cruel and Unusual Punishment. He seeks a judgment against the Defendants in the amount of $1 million and the termination of the deputies involved in his beating. He further seeks damages for pain and suffering and the mental anguish he contends he has experienced as a result of this incident.

## II. Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds; Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Sheriff Marlin Gusman

Price names Sheriff Marlin Gusman as a party defendant. He does not, however, set forth any allegations in his Complaint against the Sheriff. Under a broad reading, it appears that he has named the Sheriff because he is the head of the Orleans Parish Prison and the employer of the offending deputies.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional

rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Price has not alleged that Sheriff Gusman was personally involved in the acts about which he complains. An official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Price has not alleged that Sheriff Gusman was in any way personally aware of the risk of harm he experienced at the hands of the deputies who allegedly assaulted him.

Price does not allege that Sheriff Gusman was present for, or personally involved in, the alleged failure to protect him from the inmate who attacked him. Price also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. See *Bryant v. Lafourche Parish Det. Ctr.,* No. 09-7345 2010 WL 1978789 ( E.D. La. April 23, 2010)(Roby, J.); See also *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir.1991); *Johnson v. Moore,* 958 F.2d 92, 94 (5th Cir.1992); see also *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.1996).

Instead, Price names Sheriff Gusman simply because he is the parish sheriff. Thus, Price's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### B. Deputies Hardy, Lewis, and Murphy

Price also has filed suit against Deputies Hardy, Lewis, and Murphy seeking to hold them liable for beating him. He seeks money damages and to have them terminated from employment.

To prevail on an Eighth Amendment excessive force claim, the plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10. The absence of serious injury, while relevant to the inquiry, does not preclude relief. The Fifth Circuit Court of Appeals has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an Eighth Amendment excessive force claim. *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006).

Price has set forth sufficient facts that these deputies attacked him without provocation. At this stage, this at least states a claim for failure to protect under the Eighth Amendment sufficient to survive a frivolousness review.

### IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Price's § 1983 claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

The plaintiff's § 1983 claims for excessive force claim against Deputies Murphy, Lewis, and Hardy should be allowed to proceed forward and remain referred to the undersigned for pretrial matters.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 2nd day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.